ESTADO LIBRE ASOCIADO DE PUERTO RICO
TRIBUNAL DE APELACIONES
PANEL III

| | | |
|---|---|---|
| ANTHONY HERNÁNDEZ EDWARDS<br><br>Recurrente<br><br>V.<br><br>DEPARTAMENTO DE CORRECCIÓN Y REHABILITACIÓN<br><br>Recurrido | KLRA202300651 | Revisión Judicial procedente del Departamento de Corrección y Rehabilitación<br><br>Caso Núm.: GMA500-1049-23<br><br>Sobre: Custodia Protectiva |

Panel integrado por su presidente, el juez Figueroa Cabán, el juez Bonilla Ortiz, la jueza Mateu Meléndez y la jueza Prats Palerm

**Figueroa Cabán, Juez Ponente**

**SENTENCIA**

En San Juan, Puerto Rico, a 29 de febrero de 2024.

Comparece Anthony Hernández Edwards, en adelante el señor Hernández o el recurrente, y nos solicita que revisemos la *Respuesta*, emitida por el Departamento de Corrección y Rehabilitación, en adelante DCR o el recurrido, mediante la cual se le denegó el cambio de custodia de protectiva a población general.

Por los fundamentos que expondremos a continuación, se revoca la resolución recurrida y se devuelve el caso al DCR para que proceda conforme a lo solicitado en el *Escrito en Cumplimiento de Resolución*.

-I-

El señor Hernández presentó la solicitud de remedio administrativo número GMA500—1049-23, mediante

la que peticionó ser removido de custodia protectiva a población general, por motivos de salud y seguridad.[1]

En su *Respuesta*, el DCR dispuso que "la Oficina de Clasificación de Confinados impartió instrucciones que una vez el MPC solicite custodia protectiva permanecerá en ese estatus durante el resto de la sentencia que le resta por cumplir".[2]

Inconforme, el recurrente presentó una reconsideración[3], que el DCR denegó.[4]

Aun insatisfecho, el señor Hernández presentó una *Moción Solicitando Revisión Judicial en Base a Respuesta de División de Remedios Administrativos*, mediante la cual adujo que desde febrero de 2018 se encuentra en custodia protectiva de manera voluntaria y que en agosto de 2023 solicitó un cambio de su custodia a población general. Destacó, además, que desde mayo de 2019 disfruta de una custodia mínima y que el Reglamento de Clasificación y Tratamiento permite a los confinados pedir el traslado de una institución carcelaria a otra, por motivos de seguridad.

Examinados los escritos de las partes y la copia certificada del expediente administrativo, estamos en posición de resolver.

-II-

La revisión judicial de las decisiones administrativas tiene como fin primordial delimitar la discreción de las agencias, para asegurar que ejerzan

---

[1] Copia certificada del expediente administrativo, caso Núm.: GMA500-1049-23, pág. 5.
[2] *Id.*, págs. 7-8.
[3] *Id.*, págs. 9-10.
[4] *Id.*, págs. 11-12.

sus funciones conforme la ley y de forma razonable.[5] A esos efectos, la revisión judicial comprende tres aspectos, a saber: (1) si el remedio concedido fue apropiado; (2) si las determinaciones de hecho están sostenidas por evidencia sustancial que obra en el expediente administrativo visto en su totalidad, y (3) si se sostienen las conclusiones de derecho realizadas por la agencia.[6]

En lo aquí pertinente, la intervención judicial debe circunscribirse a determinar si las conclusiones de derecho del organismo administrativo son correctas.[7] Ahora bien, ello no significa que el tribunal revisor tiene una facultad irrestricta para revisar las conclusiones de derecho del ente administrativo. Al contrario,[8] los tribunales deben concederle gran peso y deferencia a las interpretaciones que los organismos administrativos realizan de las leyes y reglamentos que administran, por lo que no pueden descartar libremente las conclusiones e interpretación de la agencia, sustituyendo el criterio de éstas por el propio. De este modo, si la interpretación de la ley o reglamento que realiza determinada agencia administrativa es razonable, aunque no sea la única razonable, los tribunales debemos concederle

---

[5] *Hernández Feliciano v. Mun. Quebradillas*, 211 DPR 99, 114-115 (2023); *Fuentes Bonilla v. ELA et al.,* 200 DPR 364 (2018); *Unlimited v. Mun. de Guaynabo*, 183 DPR 947, 965 (2011).
[6] *Hernández Feliciano v. Mun. Quebradillas*, *supra*, pág. 115; *Moreno Lorenzo y otros v. Depto. Fam.,* 207 DPR 833, 839-840 (2021); *Capó Cruz v. Jta. Planificación et al.,* 204 DPR 581, 591 (2020).
[7] *OEG v. Martínez Giraud*, 210 DPR 79, 89 (2022). Véase, además, *Torres Rivera v. Policía de PR*, 196 DPR 606, 627-628 (2016).
[8] *Hernández Feliciano v. Mun. Quebradillas*, *supra*, págs. 115-116; *Batista, Nobbe v. Jta. Directores,* 185 DPR 206, 216 (2012); *JP, Plaza Santa Isabel v. Cordero Badillo*, 177 DPR 177, 187 (2009); *Rivera Concepción v. ARPe*, 152 DPR 116, 122 (2000).

deferencia.[9] Más aún, los tribunales podrán sustituir el criterio de la agencia por el suyo únicamente cuando no encuentren una base racional para explicar la determinación administrativa.[10]

### -III-

Para efectos del resultado alcanzado, citaremos *in extenso* la posición del Departamento de Corrección según expuesta en su *Escrito en Cumplimiento de Resolución*:

> [E]l señor Hernández Edwards procura que se le saque de custodia protectiva. A tal efecto, solicitó ser trasladado a una institución del bando Ñeta por cuestiones de seguridad. A pesar de ello, en febrero de 2018, fue trasladado de Ponce Principal a Guayama 500, es decir, **DCR lo trasladó a una institución de custodia protectiva, cuando él nunca solicitó custodia protectiva, sino ser trasladado <u>a una institución del bando Ñeta</u>. Así pues, fue trasladado a una institución donde no hay confinados del bando Ñeta, bando al cual él pertenece; y a pesar de él haber solicitado expresamente ser trasladado a una institución Ñeta.**
>
> Además, **llamamos a la atención que el traslado de febrero de 2018 no fue realizado por el CCT siguiendo el procedimiento de la sección 9 (VI) del reglamento Núm. 9151,** *supra*, procedimiento que se sigue cuando un confinado solicita voluntariamente entrar a una Unidad Especial de Vivienda por custodia protectiva. **No existen documentos acreditativos de que se siguió el proceso de la Sección 9(VI)(3) del reglamento Núm. 9151.**
>
> Ante el escenario antes descrito, procede que el caso sea devuelto a DCR de forma que el CCT evalúe el caso conforme la Sección 9(VI)(2), y determine si el señor Hernández Edwards puede regresar a la población general. (Énfasis en el original y suplido)

En consideración a lo anterior, acogemos la interpretación que hace el recurrido de la normativa reglamentaria aplicable y del expediente administrativo, y adoptamos, además, la solución que propone a la controversia de autos. A esos efectos, es

---

[9] *Torres Rivera v. Policía de PR*, *supra*, pág. 628. Véase, además, *OEG v. Martínez Giraud*, *supra*, págs. 88-89.
[10] *Hernández Feliciano v. Mun. Quebradillas, supra,* pág. 116.

pertinente recordar que las decisiones de las agencias administrativas merecen deferencia[11], más aún, en materia de clasificación del grado de custodia de un confinado[12].

### -IV-

Por los fundamentos previamente expuestos, se revoca la resolución recurrida y se devuelve el caso al Departamento de Corrección y Rehabilitación para que el Comité de Clasificación y Tratamiento evalúe al señor Anthony Hernández Edwards conforme a la Sección 9(VI)(2) del Manual para la Clasificación de los Confinados, Reglamento Núm. 9151 de 22 de enero de 2020.

Lo pronunció y manda el Tribunal y lo certifica la Secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones

---

[11] *OEG v. Martínez Giraud*, *supra.*
[12] *López Borges v. Administración de Corrección*, 185 DPR 603 (2012).